IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FERNANDO SANCHEZ, R30456 | ) ) ) | |
| Petitioner, | ) ) ) | 12-CV-759-DRH |
| v. | ) ) | |
| WARDEN DONALD GAETZ, | ) ) | |
| Respondent. | ) | |

**ORDER**

**HERNDON, Chief Judge:**

This matter is before the Court for threshold review. Petitioner is currently housed at Pinckneyville Correctional Center, Pinckneyville, Illinois, on a revocation of his supervised release from a conviction in 2008 for driving on a suspended license. He was paroled in May of 2009, but it appears he was arrested for illegal reentry in 2009 and is currently in state custody on a supervised release revocation. He has filed this habeas action seeking review of his state court revocation asserting that it should have been imposed concurrently with his 2009 federal sentence of 33 months for illegal reentry. It appears that petitioner was released to state custody in March of 2012.

It is unclear from the pleadings if petitioner has exhausted his state court remedies with respect to the claims raised in his federal habeas petition. It does appear that he has filed this petition in a timely manner.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. The Magistrate Judge will hold a *Pavey* hearing if required. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 21, 2012**

Digitally signed by David R. Herndon
Date: 2012.08.21 16:38:39 -05'00'

**Chief Judge**
**United States District Court**