IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDO SANCHEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-759-DRH-GPM |
| ) | |
| DONALD GAETZ, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Fernando Sanchez, on June 29, 2012 (Doc. 1), the Motion to Dismiss filed by Respondent, Donald Gaetz, on October 22, 2012 (Doc. 13), and the Motion to Proceed filed by Petitioner on November 14, 2012 (Doc. 15).  For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DISMISSED WITHOUT PREJUDICE**, that the Motion to Dismiss be **GRANTED IN PART**, that the Motion to Proceed be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

On May 19, 2008, Petitioner was convicted of his fourth Driving Under the Influence on a Revoked or Suspended License charge and sentenced to 42 months' incarceration and 2 years' of mandatory supervised release by the Du Page County, Illinois Circuit Court (Doc. 1, p. 22).  He subsequently was released on May 29, 2009 on mandatory supervised release and promptly deported to Mexico (Doc. 13-1, p. 2-3).  Petitioner then reentered the United States illegally on

October 20, 2009 (*Id.*, p. 6) and was convicted and sentenced in federal court to 33 months' incarceration and 3 years' supervised release (*Id.* p. 9-10). His illegal reentry was a violation of his state supervised release (*Id.* p. 15) and, upon release from federal custody Petitioner was transferred to the Illinois Department of Corrections on March 14, 2012 (*Id*. p. 2). He was again released on September 10, 2012 (*Id.* p. 2) and, apparently, deported back to Mexico (Doc. 11).

The Petition was filed while Petitioner was incarcerated at the Pinckneyville Correctional Center. He argues that his state supervised release should have run concurrently with his federal sentence. Thus, he claims that he was illegally held by Illinois when he was returned to her custody on March 14, 2012. For relief, Petitioner does not seek release but rather monetary compensation. Since the filing of the Petition, Petitioner has been released from custody (although he is still on state supervised release, and presumably federal supervised release) and he is residing in Mexico. The Motion to Dismiss was filed on October 22, 2012 and was mailed to Petitioner at his address in Mexico. On November 14, 2012, Petitioner filed "Plaintiff Request Court Clerck Proceed with case . . . . [sic]" (Doc. 15). In this document, Petitioner states that he does not want his Petition to be dismissed and that he did not receive a copy of the Motion to Dismiss. In response, Respondent filed a notice indicating that, in addition to mailing the Motion to Dismiss to Petitioner's address in Mexico, he e-mailed the Motion to the e-mail address located in Petitioner's November 14, 2012 Motion. As of the date of this Report and Recommendation, no response to the Motion to Dismiss has been filed.

**CONCLUSIONS OF LAW**

Title 28 U.S.C. § 2254(a) provides that this Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement does not necessarily require a person to be incarcerated: a person is considered "in custody" if "they are subject to conditions that significantly restrain their liberty." *Virsnieks v. Smith*, 521 F.3d 707, 717-718 (7th Cir. 2008) (quotation marks, editing marks, and citations omitted). Thus, a paroled individual can seek relief because, "there are other restrains on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Whether such a person is "in custody" "depends on the amount of restriction placed on his or her individual liberty." *Harts v. State of Indiana*, 732 F.3d 95 (7th Cir. 1984).

Respondent argues that the Petition is moot: "Petitioner has obtained his requested relief of release from imprisonment in Illinois, and his deportation precludes the existence of collateral consequences" (Doc. 13). This argument misses the mark. Petitioner was in physical custody when the Petition was filed and still is, according to Respondent's exhibit, on "parole" (Doc. 13-1, p. 1). *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."). He is therefore "in custody" within the meaning of § 2254 and he is still (potentially) capable of seeking habeas relief related to that parole. The Petition is not moot: there is no showing that Petitioner has been released from parole and there is no showing that his

deportation to Mexico would release him from the obligations of that parole.  Indeed, Petitioner was found to violate his parole even though he had previously been deported to Mexico.  Hence whether "collateral consequences" would support the Petition is not relevant to this inquiry.

However, the Petition must still be dismissed.  Petitioner is no longer housed at the Pinckneyville Correctional Center.  As such, Respondent, Donald Gaetz, is no longer his custodian within the meaning of § 2243.  Petitioner has not sought to amend his petition to reflect his true custodian, presumably the Illinois Prisoner Review Board or the Office of Community Supervision.  This Court is therefore without jurisdiction to grant Petitioner any relief.  *See Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 675 (7th Cir. 2003).

The Court would also add that the actual relief that Petitioner seeks, monetary compensation for the time he spent in jail, is not cognizable in habeas (Doc. 1, p. 18).  *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").  Petitioner also will be hampered in seeking such compensation unless he can first show that his incarceration was invalid.  *See Heck v. Humphrey*, 512 U.S. 477, 486-4897 (1994).  The Petition also makes it clear that Petitioner failed to seek relief from the state courts prior to filing a Writ in this Court (Doc. 1, p. 8).  *See* 28 U.S.C. § 2254(b)(1).

In sum, the Petition must be **DISMISSED WITHOUT PREJUDICE**.  This Court is without jurisdiction over the Respondent.  Petitioner seeks relief that cannot be pursued via this Petition for a Writ of Habeas Corpus.  In the event that Petitioner does seek to file an appropriate Petition, he should be advised that he must name the correct Respondent and seek appropriate relief.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by Petitioner, Fernando Sanchez, on June 29, 2012 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**, the Motion to Dismiss filed by Respondent, Donald Gaetz, on October 22, 2012 (Doc. 13) be **GRANTED IN PART,** the Motion to Proceed filed by Petitioner on November 14, 2012 (Doc. 15) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 28, 2013**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**