IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FERNANDO SANCHEZ,

Petitioner,

v.

BRAD CURRY,[1]

Respondent.                                    No. 12-cv-00759-DRH-DGW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.   Introduction and Background

Pending now before the Court is petitioner Sanchez' petition for a writ of habeas corpus (Doc. 1). Also before the Court is respondent Gaetz' motion to dismiss petition (Doc. 13), Sanchez' motion to proceed with the case (Doc. 15), Magistrate Judge Donald Wilkerson's Report and Recommendation ("R&R") (Doc. 17), and respondent's objections to the R&R (Doc. 18). For the following reasons, the Court **GRANTS** Gaetz' motion and **DISMISSES with prejudice** Sanchez' petition. The Court also **MODIFIES** the R&R and **DISMISSES as moot** Sanchez' motion to proceed.

---

[1] Respondent Gaetz, in his objection to the R&R, argues appropriately that Brad Curry, the Illinois Department of Corrections Chief of Parole is now the proper respondent. However, for simplicity sake, the Court will use Gaetz as the respondent who filed the motion and the objection in the case throughout its analysis.

On May 19, 2008, in Illinois state court, Sanchez pled guilty to and was convicted of his fourth aggravated DUI while license suspended or revoked. The court sentenced Sanchez to forty-two months' imprisonment in the Illinois Department of Corrections ("IDOC") plus two years of mandatory supervised release ("MSR"). On May 29, 2009, IDOC released Sanchez and he was deported to Mexico. Sanchez was arrested by border patrol agents on October 20, 2009, while attempting to illegally reenter the United States. On February 7, 2011, Sanchez was convicted of illegal reentry and sentenced to thirty-three months' imprisonment. Because Sanchez' illegal reentry into the United States violated his Illinois MSR, he was returned to IDOC custody on March 14, 2012. On March 28, 2012, Sanchez was transferred to Pinckneyville Correctional Center. On June 29, 2012, Sanchez filed his petition under 28 U.S.C. § 2254, claiming only that his federal sentence and his MSR should have run concurrently.

The Prisoner Review Board ("PRB") found that although Sanchez' illegal entry into the United States violated the terms of his MSR, it did not revoke the MSR. Thus, the PRB determined that Sanchez would be released as soon as he had an approved MSR plan in place. On September 10, 2012, Sanchez was released from Pinckneyville on MSR and on September 18, 2012, he was again deported to Mexico.

Respondent filed his motion to dismiss Sanchez' petition as moot on October 22, 2012 (Doc. 13). Gaetz argued that because Sanchez is outside of the jurisdiction of the United States, there were no collateral consequences for

Sanchez to suffer if he were to violate the terms of his MSR. Therefore, Gaetz contended that Sanchez was no longer "in custody" for purposes of habeas corpus.

On January 28, 2013, pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Donald L. Wilkerson submitted an R&R recommending that the Court dismiss without prejudice Sanchez' petition, grant in part respondent's motion to dismiss, and deny the motion to proceed. The R&R found that there was no showing that Sanchez was released from custody and therefore the petition was not moot. However, the R&R concluded that the petition should be dismissed without prejudice, finding the Court has no jurisdiction over petitioner since he is no longer housed at Pinckneyville Correctional Center and thus, respondent Gaetz is no longer Sanchez' custodian.

The R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" by February 14, 2013. On January 31, 2013, respondent filed his objections to the R&R (Doc. 18). Respondent argues that at the time Sanchez filed his § 2254 petition, Gaetz was the correct respondent. Gaetz further argues that, pursuant to Rule 25 (d) of the Fed. R. Civ. P., institutional parties are automatically substituted for their successor in interest. *United States ex rel. Robinson v. Godinez*, 2012 WL 1144853, *1 n. 1 (N.D. Ill. April 23, 2012). Nevertheless, Gaetz agrees the petition should be dismissed, but for mootness and with prejudice.

## II. Standard

If a party objects to a magistrate judge's recommended disposition, the district judge shall make a *de novo* "determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . ." *Willis v. Caterpillar*, 199 F.3d 902, 904 (7th Cir. 1999). After such review, the Court may accept, reject or modify the recommended decision. Fed. R. Civ. P. 72(b).

A § 2254 petition for habeas corpus filed while a person is in custody does not become moot at the end of custody if the person suffers sufficient collateral consequences from the sentence. *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). But some collateral consequence must still exist to maintain the suit. *Id.* Article III of the federal constitution limits the jurisdiction of the federal courts to hearing cases or controversies that remain "live" throughout the lawsuit. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998). If there is not a justiciable case or controversy, the Court has no jurisdiction to review moot cases. *Maher v. F.D.I.C.*, 441 F.3d 522, 525 (7th Cir. 2006). A case is moot if there is no possible relief that the court could order that would benefit the party seeking it. *Id.* (internal citations omitted).

## III. Analysis

Sanchez filed his petition for a writ of habeas corpus, claiming his federal sentence and his state MSR should have run concurrently, and that his return to

IDOC custody in 2012 was illegal. Petitioner does not challenge his underlying conviction; he merely seeks his release, which he now has.

The Seventh Circuit holds that once a petitioner is deported, he cannot demonstrate sufficient collateral consequences to support his petition under § 2254 because he is outside of the jurisdiction of the United States. *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998). A person who has been deported "need have no fear of running afoul of the American criminal justice system unless he renters the United States without the express permission of the Attorney General." *Id.* Only if Sanchez were to commit another crime by illegally reentering the United States would he potentially suffer any collateral consequences. Yet, a possible future commission of a crime is too remote a possibility to show a tangible benefit sufficient to overcome lack of jurisdiction. *Id.*

Moreover, Sanchez is arguing that he should not have been returned to state prison on a parole violation on March 14, 2012, and that his imprisonment from then until September 10, 2012 is the harm he is claiming. But there is no relief the Court can provide that would "undo" that time. Thus Sanchez cannot show a reasonable probability of obtaining a tangible benefit if he were to prevail. *See Maher*, 441 F.3d at 525. The Court finds Sanchez' petition presents no case or controversy and seeks no tangible relief within the Court's power to grant. Therefore, the Court **DISMISSES** Sanchez' petition as moot.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Gaetz' motion to dismiss (Doc. 13) and **DISMISSES with prejudice** Sanchez' petition (Doc. 1). The Court also **MODIFIES** the R&R (Doc. 17). It is modified in that the Court agrees with Gaetz' objections (Doc. 18) and has determined it does have proper jurisdiction over Sanchez' petition. However, the petition is **DISMISSED with prejudice** because it presents no case or controversy and seeks no tangible relief within the Court's power to grant. The Court adopts the R&R's findings with respect to Sanchez' motion to proceed (Doc. 15) and **DISMISSES** the motion **as moot**. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 12th day of August, 2013.

David R. Herndon
2013.08.12
18:07:33
-05'00'

**Chief Judge
United States District Court**